IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ERIC PASSMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-3225-CV-S-NKL-SSA |
| | ) | |
| LINDA MCMAHON, | ) | |
| ACTING COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This suit involves two applications made under the Social Security Act ("the Act"). The first is an application for disability insurance benefits under Title II of the Act, 42 U.S.C. § 401, et seq. (Tr. 68.) The second is an application for supplemental security income ("SSI") benefits based on disability under Title XVI of the Act, 42 U.S.C. § 1381 et seq. (Tr. 210-13.) On July 14, 2005, following a hearing, an administrative law judge ("ALJ") rendered a decision, finding Plaintiff Eric Passmore ("Passmore") was not "disabled" as defined by the Act. (Tr. 11-27.) On May 11, 2006, after considering additional medical evidence, the Appeals Council denied Passmore's request for review. (Tr. 6-8.)

Pending before the Court is Passmore's Motion for Summary Judgment [Doc. # 9] seeking judicial review of the ALJ's decision. Because the Court concludes that

1

Passmore's due process rights were violated when the ALJ denied his subpoena request, Passmore's motion for summary judgment will be granted in part and the ALJ's decision will be reversed and remanded for further proceedings.

**I.    Overview**

Passmore was injured on July 31, 1998, while working as a groundskeeper at the Tan-Tar-A Resort when he slipped while attempting to free a lawnmower from the mud. (Tr. 157.)  Passmore stated that he has not engaged in substantial gainful activity since his onset date.[1]  (Tr. 14.)

Passmore's first hearing before the ALJ was held on April 20, 2003, and resulted in an unfavorable decision.  On February 12, 2004, the Appeals Council remanded the case and directed the ALJ to obtain additional evidence concerning Passmore's back impairment, further evaluate Passmore's mental impairment, give further consideration to Passmore's RFC, and obtain evidence from a medical expert, if necessary, and a vocational expert.  (Tr. 243-45.)

Dr. Charles Ash, M.D., at the request of the ALJ, examined Passmore on November 24, 2004.  Dr. Ash determined that Passmore could occasionally lift or carry 20 pounds, frequently lift or carry ten pounds, and occasionally climb, balance, stoop, kneel, crouch and bend.  (Tr. 310-11.)

---

[1] The ALJ determined that a prior claim, filed on March 31, 1999 and untimely appealed, should not be reopened.  (Tr. 15.)  Thus, Passmore's onset date is October 1, 1999, as opposed to July 31, 1998.

2

On March 29, 2005, Passmore's counsel sent a letter requesting that the ALJ subpoena Dr. Ash to make him available for cross-examination. The supplemental hearing was held on May 18, 2005. At the hearing, the ALJ denied Passmore's subpoena request. Prior to denying the subpoena request, the ALJ asked Passmore if he had any objections to the exhibits in the record, which included Dr. Ash's report. Passmore did not object.

At the hearing, Michael Lala testified as a vocational expert. In the first hypothetical question, the ALJ asked Lala to consider a hypothetical person "the age, education, and work history of Mr. Passmore. Assume that this person is not limited insofar as standing, walking, sitting. Assume that he would be limited to lifting 20 lbs. occasionally and 10 lbs. frequently. Not limited insofar as pushing and pulling. Can occasionally stoop, crouch, squat, kneel, crawl. And is able to negotiate stairs, but should not be climbing ladders or balancing aboveground or working around heights or hazardous and unprotected moving equipment. And is not limited insofar as gripping, handling, fingering, and reaching." (Tr. 369-70.) The vocational expert testified that such a person could not perform Passmore's past relevant work but could work in light unskilled positions. (Tr. 370.)

After consideration of the record, the ALJ found that Passmore suffered from severe impairments including back problems, obesity, gastroesophageal reflux disease, diabetes, depression and a pain disorder. (Tr. 18.) The ALJ also determined that Passmore's impairments did not constitute an impairment or combination of impairments

3

listed in or medically equal to one contained in 20 C.F.R. § 404, Subpart P, Appendix 1, Regulations No. 4. The ALJ further found that Passmore's impairments would prevent him from performing his former work, but would not prevent him from performing other work existing in significant numbers in the national economy. (Tr. 25-26.) Consequently, the ALJ found Passmore was not disabled.

## II.     Passmore's Due Process Right to Cross-Examine Dr. Ash

Due process requires that a social security hearing be "full and fair." *Richardson v. Perales*, 402 U.S. 389, 401-02, 91 S.Ct. 1420, 1427 (1971). In Eighth Circuit social security cases, "[d]ue process requires that a claimant be given the opportunity to cross-examine and subpoena the individuals who submit reports." *Coffin v. Sullivan*, 895 F.2d 1206, 1212 (8th Cir. 1990).

The parties in this case dispute *Coffin*'s import; however, *Coffin*'s clear direction affords claimants the right to cross-examine individuals who submit reports. In *Coffin*, the ALJ sent the claimant's attorney a post-hearing letter which communicated the ALJ's intent to obtain evidence in the form of written interrogatories from a vocational expert. *Id*. at 1210. The ALJ sent the claimant's attorney a copy of the proposed interrogatories and invited the attorney to object to the proposed interrogatories or propose his own. *Id*. Approximately five weeks later, the ALJ sent the claimant's attorney a copy of the answers to the interrogatories along with a form that would allow the claimant to comment on the evidence or submit additional evidence. *Id*. at 1211. The claimant's attorney never responded to either letter. *Id*. On appeal, the district court held that the

4

ALJ's submission of post-hearing written interrogatories to the vocational expert did not violate the claimant's due process rights. The district court also held that, because the ALJ requested input and the claimant chose not to respond, the claimant waived his right to challenge the written interrogatories. *Id.* The district court's decision was subsequently appealed to the Eight Circuit, which affirmed the district court. *Id.* at 1212 (holding that the ALJ's letters satisfied due process requirements and claimant waived his right of cross-examination).

In the instant case, Dr. Ash issued a report on November 24, 2004. (Tr. 308-09.) In a March 29, 2005, letter, Passmore's attorney requested that the ALJ subpoena Dr. Ash so Passmore could further develop the record. (Tr. 271-72.) At the hearing, the ALJ denied Passmore's subpoena request. (Tr. 351-52.) Defendant argues that only the Fifth Circuit requires the Social Security Administration to follow the rule that a subpoena must be issued by the ALJ if timely requested by the claimant. *See Lidy v. Sullivan*, 911 F.2d 1075 (5th Cir. 1990). However, due process under Eighth Circuit case law requires the same. *Coffin*, 895 F.2d at 1212. Accordingly, Passmore was denied due process when the ALJ failed to subpoena Dr. Ash.

Defendant argues that Passmore waived his due process right to subpoena and cross-examine Dr. Ash when he failed to object (1) to the ALJ's denial of his subpoena request and (2) to the exhibits in the record, one of which was Dr. Ash's November 2004 report. [Opp. at 10-11.] The Court finds no basis for Defendant's argument that Passmore waived his right to cross-examine Dr. Ash.

5

First, Passmore is not required to object to the ALJ's denial of his subpoena request in order to preserve his right of cross-examination. *Coffin*, 895 F.2d at 1212 ("The ALJ is required to allow the claimant to cross-examine the witness, but if the claimant's attorney . . . remains silent when the opportunity to request cross-examination arises, the right to cross-examination is waived."). Passmore was not silent. He specifically asserted his right to cross-examine Dr. Ash in his March 29 letter.

Second, Passmore did not waive his right to cross-examine Dr. Ash by not objecting to the admission of Dr. Ash's report. In *Richardson*, the Supreme Court held that consultants' reports, though hearsay, could be admitted into evidence in social security cases so long as they are relevant. The *Richardson* court explained: "The matter comes down to the question of the procedure's integrity and fundamental fairness. We see nothing that works in derogation of that integrity and of that fairness in the admission of consultants' reports, subject as they are to being material and to the use of the subpoena and consequent cross-examination." *Richardson*, 402 U.S. at 410, 91 S.Ct. at 1431. In this case, however, Passmore's request to cross-examine Dr. Ash stripped Dr. Ash's report of its presumed reliability. At the time Passmore was asked whether he objected to the exhibits, the ALJ had yet to announce his decision not to subpoena Dr. Ash. Given the ALJ's delay in announcing his decision not to subpoena Dr. Ash, the interest of fundamental fairness compels the Court to find that Passmore's failure to object to the admission of Dr. Ash's report did not waive his due process right to cross-examine its author. *See generally, Richardson*, 402 U.S. at 400-01, 91 S.Ct. at 1427.

Accordingly, it is hereby

ORDERED that Passmore's Motion for Summary Judgment [Doc. # 9] is GRANTED IN PART.  The decision of the ALJ is REVERSED and the case is REMANDED for further consideration consistent with this ORDER.

        s/ Nanette K. Laughrey
        NANETTE K. LAUGHREY
        United States District Judge

Dated: February 7, 2007
Jefferson City, Missouri