IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ERIC PASSMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-3225-CV-S-NKL-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

Pending before the Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 [Doc. # 35]. On February 7, 2007, the Court entered an order granting Passmore's Motion for Summary Judgment as to his due process right to cross-examine the examining physician appointed by the ALJ [Doc. # 16]. The Defendant appealed, and the Eighth Circuit Court of Appeals reversed and remanded, finding that the right to cross examine in an administrative hearing is qualified and not absolute. *Passmore v. Astrue*, 533 F.3d 658, 662 (2008). The Court of Appeals remanded the case to this Court to consider whether the ALJ's decision was supported by substantial evidence. *Id.* On October 20, 2008, the Court entered an order granting Passmore's Motion for Summary Judgment because the ALJ failed to "carefully consider" third-party statements in his evaluation of Passmore's credibility, as required by the Commissioner's regulations [Doc. # 33].

1

Pursuant to 28 U.S.C. § 2412, the Court may award reasonable attorney's fees and expenses to the prevailing party in any civil action brought against any official of the United States acting in his or her official capacity, "unless the court finds that the position of the United States was substantially justified." A position is "substantially justified" where it is reasonable. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

Passmore is a "prevailing party" because he obtained a remand of his case for further proceedings at the administrative level. Although the Commissioner was successful in challenging the Court's procedural ruling on appeal, he is not a "prevailing party" under the EAJA. *See Escobar v. Bowen*, 857 F.2d 644, 646 (9th Cir. 1988); *Hanrahan v. Hampton*, 446 U.S. 754, 758–59 (1980).

The Commissioner's position was not substantially justified because it was unreasonable for the ALJ to fail to follow the Commissioner's regulations. *See Cornella v. Schweiker*, 728 F.2d 978, 985 (8th Cir. 1984).

Plaintiff's attorney, Larry J. Pitts, seeks compensation for a total of 59 hours and 20 minutes of his time and 4 hours and 35 minutes of his paralegal's time, for a total of $9,442.08 in fees, plus $215.80 in costs. After consideration, the Court finds that the fees and costs requested by Plaintiff's attorney are reasonable.

Accordingly, it is hereby

ORDERED that Plaintiff's Motion for Attorney's Fees [Doc. # 35] is GRANTED. Plaintiff is awarded $9,442.08 in fees and $215.80 in costs, both of which shall be made payable to Larry J. Pitts, attorney for Plaintiff.

                                                      s/ Nanette K. Laughrey  
                                                      NANETTE K. LAUGHREY  
                                                      United States District Judge

Dated: April 6, 2009  
Jefferson City, Missouri